IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CARLOS VILLAREAL | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 4:22-cv-00696 |
| vs. | § | |
| | § | |
| "QUIKTRIP"; QUIKTRIP CORPORATION; | § | JURY DEMANDED |
| QT SOUTH, LLC; QUIK'N TASTY FOODS, INC.; | § | |
| AND OKLAHOMA QUIKTRIP BEVERAGE | § | |
| CORPORATION | § | |
| Defendants. | § | |

---

**DEFENDANT'S AMENDED NOTICE OF REMOVAL**

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to the terms and provisions of 28 U.S.C. §§ 1441 and 1446, Defendants "QuikTrip," QuikTrip Corporation, QT South, LLC, Quik'N Tasty Foods, Inc., and Oklahoma QuikTrip Beverage Corporation (collectively "Defendants"), in the above numbered and captioned cause, originally pending as Cause No. 2022-003965-2 in the County Court at Law No. 2 of Tarrant County, Texas, file this Notice of Removal of the cause to the United States District Court for the Northern District of Texas, Fort Worth Division.

**I.**
**BASIS FOR REMOVAL**

The basis of the removal of this action is diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists in this case because there is complete diversity of citizenship between the parties. Plaintiff is a citizen of Texas, the only proper defendant is not a citizen of

the State of Texas, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[1]

## II.
## DIVERSITY JURISDICTION

Plaintiff, at the time of the initial filing of this action and at the current time of filing this Notice of Removal, was and is a citizen and resident of the State of Texas.[2]

"QuikTrip" as named is not an existing legal entity and therefore is not a citizen or resident of the State of Texas.

QuikTrip Corporation – the real party in interest and only proper defendant to this action – at the time of the initial filing of this action and at the time of the removal of this action, was and is a corporation formed under the laws of the State of Oklahoma, with its principal place of business in Tulsa, Oklahoma. QuikTrip Corporation has never been a resident of, incorporated in, or had its principal place of business in the State of Texas.

QT South, LLC, at all relevant times was and is a Limited Liability Company. Therefore, its citizenship is determined by the citizenship of its members.[3] The sole member of QT, South, LLC is QTR Corporation, a corporation duly formed and existing under the law of the State of Oklahoma, with a principal place of business in Tulsa, Oklahoma. Accordingly, QT South, LLC is and was at all relevant times a resident of the State of Oklahoma. Additionally, for the reasons explained below, QT South, LLC is not a proper party to this action, has been fraudulently joined, and hence its citizenship should not be considered for purposes of removal.

---

[1]   *See* 28 U.S.C. § 1332.

[2]   *See* Plaintiff's Original Petition, at ¶2.1.

[3]   *See, e.g., Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

Quik'N Tasty Foods, Inc. at the time of the initial filing of this action and at the time of the removal of this action, was and is a corporation formed under the laws of the State of Oklahoma, with its principal place of business in Tulsa, Oklahoma. Quik'N Tasty Foods, Inc. has never been a resident of, incorporated in, or had its principal place of business in the State of Texas. Additionally, for the reasons explained below, Quik'N Tasty Foods, Inc. is not a proper party to this action, has been fraudulently joined, and hence its citizenship should not be considered for purposes of removal.

Oklahoma QuikTrip Beverage Corporation at all relevant times was and is a citizen and resident of the State of Texas. However, for the reasons explained below, Oklahoma QuikTrip Beverage Corporation is not a proper party to this action, has been fraudulently joined, and hence its citizenship should not be considered for purposes of removal.

### III.
### FACTUAL BACKGROUND

Plaintiff claims on or about July 18, 2020, while "getting ready to pump gas" at a Denton County QuikTrip store, he slipped on a "transitory foreign substance near the pump," causing him to "violently strik[e] his body on the hard concrete surface."[4]  Plaintiff filed suit on July 13, 2022, in County Court at Law No. 2 of Tarrant County, Texas, alleging negligence-based causes of action against Defendant.[5]

---

[4]    *See* Plaintiff's Original Petition, attached hereto as Exhibit 2, at ¶¶4.1 – 4.2.

[5]    *See* Plaintiff's Original Petition, attached hereto as Exhibit 2.

## IV.
## THE AMOUNT IN CONTROVERSY

As the Fifth Circuit has explained, "[i]t has long been recognized that 'unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'"[6] Likewise, the amount-in-controversy asserted by Defendant should be accepted when not contested.[7] Thus, "[i]n order for a federal court to decline jurisdiction, '[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'"[8]

Moreover, the removing party must only resort to establishing the amount in controversy by a preponderance of the evidence, "when a complaint does not allege a specific amount of damages."[9] The amount is sufficiently specific when it alleges "damages are in excess of the federal jurisdictional amount."[10] Recently, the Fifth Circuit found "the amount in controversy satisfied the jurisdictional amount" when the Texas plaintiff "sought up to $100,000 in damages"[11]

Here, Plaintiff judicially admitted he seeks damages in excess of the requisite amount in controversy for federal diversity jurisdiction.[12] Specifically, Plaintiff pleaded for recovery of

---

[6]   *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[7]   *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87, 135 S. Ct. 547, 553, 190 L. Ed. 2d 495 (2014).

[8]   *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938)).

[9]   *Greenberg*, 134 F.3d at 1253.

[10]   *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992).

[11]   *Eng. v. Aramark Corp.*, 858 F. App'x 115, 116 (5th Cir. 2021).

[12]   *See* Exhibit 2, at ¶¶3.2 – 3.3.

"monetary relief of $250,000.00 or less"[13] for past and future: (1) medical care and expenses; (2) physical pain and suffering; (3) mental anguish; (4) physical impairment; (5) disfigurement; and (6) lost wages and/or loss of earning capacity.[14] Plaintiff further alleged he violently struck his body on the concrete surface, "immediately began to feel pain in his body," and has continued to treat with doctors for his physical injuries.[15] As a result, the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs, and this case is removable.

## V.
## IMPROPER/FRAUDULENT JOINDER

Since Plaintiff improperly named QT South, LLC, Quik'N Tasty Foods, Inc., and Oklahoma QuikTrip Beverage Corporation as defendants, their citizenship should be disregarded for purposes of diversity jurisdiction. Improper/fraudulent joinder may be established where, as here, there is no possibility that a plaintiff can maintain a cause of action against an employee based on the pleaded facts.[16]  Federal courts look to Texas state law to determine whether a plaintiff may maintain a cause of action against a defendant.[17] Under Texas law a premises liability claim can only be maintained against someone who had control over and responsibility

---

[13]   *Id.*

[14]   *Id.* at ¶8.2.

[15]   *Id.* at ¶¶4.1 – 4.5.

[16]   *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007); *Larrouquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 374 (5th Cir. 2006).

[17]   *See Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).

for the premises.[18] Additionally, no ordinary negligence cause of action can be maintained when the facts give rise to a premises liability claim – the two are mutually exclusive.[19]

Here, there is no possibility Plaintiff can maintain a cause of action against QT South, LLC, Quik'N Tasty Foods, Inc., and Oklahoma QuikTrip Beverage Corporation based on the pleaded facts, because Plaintiff can only maintain a single cause of action for premises liability and only against QuikTrip Corporation, which had control over and responsibility for the premises. QT South, LLC, Quik'N Tasty Foods, Inc., and Oklahoma QuikTrip Beverage Corporation, therefore, have been improperly joined in this matter and their citizenship should be disregarded. Upon properly disregarding the citizenship of QT South, LLC, Quik'N Tasty Foods, Inc., and Oklahoma QuikTrip Beverage Corporation, it is clear that complete diversity exists between the remaining proper parties in this case.

## VI.
### REMOVAL IS TIMELY

This removal is timely because Defendant's Notice of Removal was filed "within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained the case is one which is or has just become removable."[20]   Defendants first became aware this case was removable on July 14, 2022, when they were served with Plaintiff's Original Petition, in which he first identified that

---

[18]   *Mayer v. Willowbrook Plaza Ltd. Partnership*, 278 S.W.3d 901, 909 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (citing *County of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002)).

[19]   *See, Keetch v. Kroger*, 845 S.W.2d 262, 264 (Tex. 1992)*; H.E. Butt Grocery Co. v. Warner*, 845 S.W.2d 258, 259 (Tex. 1992); *Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 410 (Tex. 2006) (Johnson, J., concurring); *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010); *Sampson v. Univ. of Texas at Austin*, 500 S.W.3d 380, 390-91 (Tex. 2016); *United Scaffolding Inc. v. Levine*, 537 S.W.3d 463, 472 (Tex. 2017).

[20]   28 U.S.C. § 1446(b).

he seeks recovery of $250,000.00 or less, *i.e.*, an amount-in-controversy in excess of $75,000, exclusive of interest and costs. Accordingly, this removal is timely because it is made within thirty days after the receipt by Defendant of the document that first demonstrated the case was removable. Moreover, more than one year has not passed since the commencement of the action in state court on July 13, 2022.[21]

## VII.
## VENUE

Venue is proper in this district, under 28 U.S.C. § 1441(a), because this district and division embrace the county in which the removed action has been pending.

## VIII.
## PROCEDURAL REQUIREMENTS

Defendant filed with the Clerk of the County Court at Law. No. 2, Tarrant County, Texas a Notice of Filing Notice of Removal to Federal Court contemporaneously with the filing of its Notice of Removal on August 12, 2022.

Pursuant to Local Rule 81.1, the following documents are attached hereto for the Court's reference:

(1)    State Court Docket Sheet (as of August 12, 2022) [Appx. 0001 - 0002];

(2)    Plaintiff's Original Petition (filed July 13, 2022) [Appx. 0003 - 0014]; and

(3)    Defendant's Original Answer (filed July 28, 2022) [Appx. 0015 - 0020].

Also, in compliance with Local Rule 81.1, Defendant has filed the following documents with the Notice:

- Civil Cover Sheet

- Supplemental Civil Cover Sheet

---

[21]    *See id.*

- Certificate of Interested Persons

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully prays that this case be removed to the United States District Court for the Northern District of Texas, Fort Worth Division.

Respectfully submitted,

*/s/ B. Kyle Briscoe*

**B. Kyle Briscoe**
*Attorney-in-charge*
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Seth R. Lightfoot**
State Bar No. 24093625
slightfoot@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Federal Rules of Civil Procedure on August 12, 2022.

*/s/ B. Kyle Briscoe*

**B. Kyle Briscoe**

# EXHIBIT 1

**Exhibit 1**

Skip to Main Content | Logout | My Account | Search Menu | New Civil Search | Refine Search | Back                    Location : All CCL Courts    Help

# REGISTER OF ACTIONS
## CASE NO. 2022-003965-2

| | |
|---|---|
| Carlos Villareal vs "QuikTrip"; QuikTrip Corporation; QT South, LLC, Quik'N Tasty Foods, Inc., and Oklahoma QuikTrip Beverage Corporation | §<br>§<br>§<br>§<br>§ |

Case Type: **Injury/Damage - Premises**
Date Filed: **07/13/2022**
Location: **County Court at Law No. 2**

---

### PARTY INFORMATION

|  |  | Lead Attorneys |
|---|---|---|
| Defendant | **"QuikTrip"** | **B Kyle Briscoe**<br>*Retained*<br>214-999-0550(W) |
| Defendant | **Oklahoma QuikTrip Beverage Corporation**<br>B/S Registered Agent, C T Corporation System<br>1999 Bryan St. Ste. 900<br>Dallas, TX 75201 | **B Kyle Briscoe**<br>*Retained*<br>214-999-0550(W) |
| Defendant | **QT South, LLC**<br>B/S Registered Agent, C T Corporation System<br>1999 Bryan St. Ste. 900<br>Dallas, TX 75201 | **B Kyle Briscoe**<br>*Retained*<br>214-999-0550(W) |
| Defendant | **Quik'N Tasty Foods, Inc.**<br>B/S Registered Agent, C T Corporation System<br>1999 Bryan St. Ste. 900<br>Dallas, TX 75201 | **B Kyle Briscoe**<br>*Retained*<br>214-999-0550(W) |
| Defendant | **QuikTrip Corporation**<br>B/S Registered Agent, C T Corporation System<br>1999 Bryan St. Ste 900<br>Dallas, TX 75201 | **B Kyle Briscoe**<br>*Retained*<br>214-999-0550(W) |
| Plaintiff | **Villareal, Carlos** | **Geoffrey E Schorr**<br>*Retained*<br>972-226-8860(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | | |
|---|---|---|---|---|
| 07/13/2022 | **Original Petition** | **Index # 1** | | |
| 07/13/2022 | **Original Petition** | **Index # 2** | | |
| | Party: Villareal, Carlos | | | |
| 07/13/2022 | **Letter** | **Index # 3** | | |
| | *RE: Issuance of Citation* | | | |
| | Party: Villareal, Carlos | | | |
| 07/13/2022 | **Citation** | | | |
| | *eServed to Attorney 7/13/22* | | | |
| | QuikTrip Corporation | Served | 07/14/2022 | |
| | | Returned | 07/25/2022 | |
| | QT South, LLC | Served | 07/14/2022 | |
| | | Returned | 07/20/2022 | |
| | Quik'N Tasty Foods, Inc. | Unserved | | |
| | Oklahoma QuikTrip Beverage Corporation | Served | 07/14/2022 | |
| | | Returned | 07/20/2022 | |
| 07/20/2022 | **Paper Returned** | **Index # 4** | | |
| | *Return of Service - Oklahoma QuickTrip Beverage Corporation* | | | |
| | Party: QT South, LLC | | | |
| 07/20/2022 | **Paper Returned** | **Index # 5** | | |
| | *Return of Service - QT South, LLC* | | | |
| | Party: QT South, LLC | | | |
| 07/25/2022 | **Paper Returned** | **Index # 6** | | |
| | *Quik Trip Corporation* | | | |
| | Party: QuikTrip Corporation | | | |
| 07/28/2022 | **Defendant's Original Answer** | **Index # 7** | | |
| | Party: "QuikTrip" | | | |

Appx.0001

Party: Oklahoma QuikTrip Beverage Corporation
Party: QT South, LLC
Party: Quik'N Tasty Foods, Inc.
Party: QuikTrip Corporation

---

**FINANCIAL INFORMATION**

---

| | | | |
|---|---|---|---|
| **Plaintiff** Villareal, Carlos | | | |
| Total Financial Assessment | | | 382.00 |
| Total Payments and Credits | | | 382.00 |
| **Balance Due as of 08/12/2022** | | | **0.00** |

| | | | | |
|---|---|---|---|---|
| 07/13/2022 | Transaction Assessment | | | 382.00 |
| 07/13/2022 | eFiling Payments | Receipt # CCLTF-183963 | Villareal, Carlos | (245.00) |
| 07/13/2022 | State Credit | | | (137.00) |

Appx.0002

# EXHIBIT 2

**Exhibit 2**

FILED
TARRANT COUNTY, TEXAS
7/13/2022 2:12 PM
Mary Louise Nicholson
COUNTY CLERK
BY: S B M

CAUSE NO. ___2022-003965-2___

| | | |
|---|---|---|
| **CARLOS VILLAREAL,** | § | **IN THE COUNTY COURT AT LAW** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **NO. _____** |
| | § | |
| **"QUIKTRIP"; QUIKTRIP CORPORATION;** | § | |
| **QT SOUTH, LLC, QUIK'N TASTY FOODS,** | § | |
| **INC., AND OKLAHOMA QUIKTRIP** | § | |
| **BEVERAGE CORPORATION,** | § | |
| | § | |
| *Defendants.* | § | **OF TARRANT COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** CARLOS VILLAREAL (hereinafter sometimes called "Plaintiff")

complaining of and about "QUIKTRIP"; QUIKTRIP CORPORATION; QT SOUTH, LLC, QUIK'N

TASTY FOODS, INC., AND OKLAHOMA QUIKTRIP BEVERAGE CORPORATION, (hereinafter by

name or sometimes collectively "Defendants"), and for cause of action would show unto the

Court the following:

### I.
### DISCOVERY CONTROL PLAN LEVEL

1.1.    Plaintiff intends to pursue this as a TRCP 190.3 Level 2 case by agreement.

### II.
### PARTIES AND SERVICE

2.1.    Plaintiff, CARLOS VILLAREAL, is an individual who is a resident and citizen of

Texas. Pursuant to the Texas Civil Practice and Remedies Code, the last three digits of

Plaintiff's Social Security Number are 468, and the last three digits of his Texas Driver's

License number are 106.

---

PLAINTIFF'S ORIGINAL PETITION                                                                 Page  1

2.2.    Defendant "QUIKTRIP" is the assumed business name under which Defendant QUIKTRIP CORPORATION and/or one or more other defendants were conducting business at the time of Plaintiff's injuries. Presumably, the responsible entity for "QUIKTRIP" is a business entity named herein and doing business in the State of Texas for the purpose of monetary profit. Suit is filed against this assumed/trade name and the correct entity name (pursuant to Rule 28), if needed, will be substituted as discovery progresses and the correct defendant properly identifies itself. Defendant "QUIKTRIP" may be served with process via service on Defendant QUIKTRIP CORPORATION, named hereinbelow, and as set forth in Paragraph 2.3.

2.3.    Defendant QUIKTRIP CORPORATION is a foreign for-profit corporation formed under the laws of Oklahoma. Defendant QUIKTRIP CORPORATION may be served with process by serving its registered agent as follows: QUIKTRIP CORPORATION, via its registered agent, C T CORPORATION SYSTEM, 1999 BRYAN ST., STE. 900 DALLAS, TX 75201. **CITATION IS REQUESTED.**

2.4.    Defendant QT SOUTH, LLC is a domestic limited liability company. Upon information and belief, one or more of Defendant QT SOUTH, LLC's current managers, directors, owners, officers, and/or members are residents and citizens of Euless, Tarrant County, Texas. Defendant QT SOUTH, LLC may be served with process by serving its registered agent as follows: QT SOUTH, LLC, via its registered agent, C T CORPORATION SYSTEM, 1999 BRYAN ST., STE. 900 DALLAS, TX 75201. **CITATION IS REQUESTED.**

2.5.    Defendant QUIK'N TASTY FOODS, INC. is a foreign for-profit corporation formed under the laws of Oklahoma. Defendant QUIK'N TASTY FOODS, INC. may be served

Appx.0004

with process by serving its registered agent as follows: <u>QUIK'N TASTY FOODS, INC., via its</u> <u>registered agent, C T CORPORATION SYSTEM, 1999 BRYAN ST., STE. 900 DALLAS, TX 75201.</u> **CITATION IS REQUESTED.**

2.6.   Defendant OKLAHOMA QUIKTRIP BEVERAGE CORPORATION is a domestic for-profit corporation formed under the laws of Texas. Defendant OKLAHOMA QUIKTRIP BEVERAGE CORPORATION may be served with process by serving its registered agent as follows: <u>OKLAHOMA QUIKTRIP BEVERAGE CORPORATION, via its registered agent, C T</u> <u>CORPORATION SYSTEM, 1999 BRYAN ST., STE. 900 DALLAS, TX 75201.</u> **CITATION IS REQUESTED.**

### III.
### JURISDICTION AND VENUE

3.1.   This Court has subject matter jurisdiction because Plaintiff was injured while a patron at premises located within Denton County, Texas that was owned, managed, controlled, and/or possessed by Defendants named herein. The amount in controversy exceeds the minimum jurisdictional limits of this Court.

3.2.   As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs, and Plaintiff demands judgment for all the other relief to which he is deemed entitled. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

3.3.   In pleading further, Plaintiff further stipulates, agrees, acknowledges, and confirms that the total amount of all damages and any other form of additional affirmative relief in this action does not exceed $200,000, including actual damages, special damages,

---

PLAINTIFF'S ORIGINAL PETITION                                                      Page  3

exemplary damages, attorney's fees, or any other type of damages or award that is measurable in money, and the value attributable to any other relief sought by Plaintiff or that Plaintiff will seek in the form of a judgment or settlement does not exceed $200,000, exclusive of interest and costs. Plaintiff further stipulates, agrees, acknowledges, and confirms that in the event that the judge or jury awards Plaintiff any amount in excess of $200,000, Plaintiff will file a Motion for Remitter and/or a Motion to Modify the Judgment in the time period specified by applicable law, requesting that the trial court reduce the award to an amount equal to or less than $200,000.

3.4.    This court has jurisdiction over Defendants because said Defendants have purposefully availed themselves of the privilege of conducting business activities for profit in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

3.5.    Plaintiff would show that Defendants had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendants.

3.6.    Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

3.7.    Furthermore, Plaintiff would show that Defendant engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code.

Appx.0006

3.8.     Venue in Tarrant County is proper in this cause under Section 15.002(a)(3) of the Texas Civil Practice and Remedies Code because Tarrant County is the county of Defendant OKLAHOMA QUIKTRIP BEVERAGE CORPORATION's principal office and principal place of business.

## IV.
## FACTS

4.1.     On or about Saturday, July 18, 2020, at or around 10:00 p.m., Plaintiff went to Defendant "QUIKTRIP", QUIKTRIP CORPORATION, QT SOUTH, LLC, QUIK'N TASTY FOODS, INC., and/or OKLAHOMA QUIKTRIP BEVERAGE CORPORATION's convenience store, commonly known and referred to as QUIKTRIP, or QUIKTRIP #911, located at 3701 IH 35 S, Denton, TX 76210, in Denton County (the "Subject Premises") during normal business hours for the purpose of buying gas for his vehicle. Based on information and belief, at all relevant times herein, the Subject Premises where Plaintiff was buying gas is/was owned, possessed, operated by and/or under the control of Defendants.

4.2.     On the date in question, Plaintiff was in the process of getting ready to pump gas at one of the pump stations on the Subject Premises when he suddenly, unexpectedly, and without warning stepped in a transitory foreign substance near the pump and located on the ground surface causing him to slip and fall, violently striking his body on the hard concrete surface.

4.3.     After the incident Plaintiff immediately began to feel pain in his body, particularly left knee pain, among other issues.

4.4.     At all times material hereto, there were no adequate warnings provided to Plaintiff to warn him of the hazardous condition posed by the transitory foreign substance

---

PLAINTIFF'S ORIGINAL PETITION                                                        Page  5

on the ground near the pump station at the Subject Premises that caused him to fall.

4.5.    As a result of the fall, Plaintiff's doctors identified injuries and provided Plaintiff with continued medical care to treat his injuries from the fall.

4.6.    Based on information and belief, at all times material hereto, Defendants were the owners and/or possessors and/or operators and/or exercising control over the Subject Premises. Further, at all times material hereto, Defendants' Subject Premises was open to the public for transacting business. As owners and/or possessors and/or operators exercising control of the Subject Premises, Defendants owed Plaintiff and others a duty to maintain the premises in a condition that would not pose an unreasonable of harm, including the area of the Subject Premises where Plaintiff was injured.

4.7.    Defendants, as owners and/or possessors and/or operators of the premises owed Plaintiff a duty to exercise reasonable care for his safety.

4.8.    All of Plaintiff's injuries occurred as a direct result of his fall at the Subject Premises that was proximately caused by the dangerous condition described herein, which, based on information and belief, Defendants knew or, in the exercise of ordinary care, should have known existed before the incident occurred.

**V.**
**PLAINTIFF'S CLAIMS OF RESPONDEAT SUPERIOR**

5.1.    Plaintiff realleges and incorporates the facts and allegations that are set forth in paragraph nos. 1-4.8 above as if same were set forth at length herein.

5.2.    At the time of Plaintiff's fall and his resulting injuries and immediately prior thereto, based on information and belief, various managers and employees were acting within the course and scope of their employment for Defendants.

---

PLAINTIFF'S ORIGINAL PETITION                                                Page  6

5.3.     At the time of Plaintiff's fall and his resulting injuries and immediately prior thereto, on further information and belief, various managers and employees were engaged in the furtherance of Defendants' business.

5.4.     At the time of Plaintiff's fall and his resulting injuries and immediately prior thereto, on further information and belief, various managers and employees were engaged in accomplishing a task for which they were employed by Defendants.

5.5.     Plaintiff invokes the doctrine of *Respondeat Superior* as against Defendants.

5.6.     Plaintiff contends that Defendants, by and through their agents, servants and employees are liable for failing to remove the transitory foreign substance, a known dangerous and/or hazardous condition, or furnish sufficient warnings to make Plaintiff aware of the location of the transitory foreign substance on the ground near the pump station which caused him to fall at the Subject Premises, and for failing to exercise reasonable care for his safety.

## VI.
## PREMISES LIABILITY

6.1.     Plaintiff realleges and incorporates the facts and allegations that are set forth in paragraph nos. 1-5.6 above as if same were set forth at length herein.

6.2.     Based upon information and belief, Defendants, at the time of the incident complained of herein, owned and/or possessed and/or operated and/or exercised control and dominion of the convenience store and Subject Premises and, as such, owed to Plaintiff a non-delegable duty to maintain the premises in a reasonably safe condition. Moreover, upon information and belief, Defendants, as owners and/or possessors and/or operators exercising control and dominion over the Subject Premises knew or in the exercise of ordinary care should have known of the unreasonably dangerous condition created by the

Appx.0009

transitory foreign substance on the ground near the pump station at the Subject Premises where Plaintiff fell, before the fall, and Defendants neither corrected nor warned Plaintiff of the unreasonably dangerous condition.

6.3.    Defendants could have prevented Plaintiff's fall by 1) removing or treating the hazardous condition on the ground; 2) warning customers and visitors of the location of the hazardous condition; or 3) barricading the area around the hazard to keep customers and visitors from being able to contact the transitory foreign substance creating the hazard.

6.4.    Plaintiff contends he did not have knowledge of the dangerous condition posed by the transitory foreign substance that caused him to fall, and he could not have reasonably been expected to discover it prior to his fall. Defendants' creation of the dangerous condition, failure to correct the condition, and/or failure to warn Plaintiff of the condition constitutes negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiff's resulting injuries.

6.5.    Plaintiff alleges on further information and belief that, upon the occasion in question, Defendants, through their agents, servants and/or employees, failed to use ordinary care by various acts and omissions in at least the following ways:

    a.    Failing to exercise ordinary care in maintaining the premises in a reasonably safe condition;

    b.    Failing to exercise reasonable care to reduce or eliminate the risk to invitees, such as the Plaintiff, of the unreasonably dangerous condition created by the transitory foreign substance on the ground near the pump station;

    c.    Failing to warn invitees, such as the Plaintiff, of the unreasonably dangerous condition created by the transitory foreign substance on the ground near the pump station;

Appx.0010

d.      Creating, causing, and/or allowing a transitory foreign substance, a known unreasonably dangerous condition, to exist on the ground of the Subject Premises near the pump station;

e.      Failing to use reasonable care in training employees in locating, cleaning, preventing, removing, and/or warning of unreasonably dangerous conditions created by transitory foreign substances on the ground of the Subject Premises near the pump stations;

f.      Failing to use reasonable care in supervising employees to ensure they are competent in locating, cleaning, preventing, removing and/or warning of unreasonably dangerous conditions created by transitory foreign substances on the ground of the Subject Premises near the pump stations; and/or

g.      Failing to recognize and correct a dangerous condition.

## VII.
## PROXIMATE CAUSE

7.1.    Plaintiff realleges and incorporates the facts and allegations that are set forth in paragraph nos. 1-6.5 above as if same were set forth at length herein.

7.2.    Each and every, all and singular of the foregoing acts and omissions, on the part of Defendants, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## VIII.
## DAMAGES

8.1.    Plaintiff realleges and incorporates the facts and allegations that are set forth in paragraph nos. 1-7.2 above as if same were set forth at length herein.

8.2.    As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts as described herein, Plaintiff suffered physical injuries and sustained the following damages, the dollar value of which exceeds the minimum jurisdictional limits of the Court:

---

Appx.0011

A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services in the counties in which they were provided;

B. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

C. Physical pain and suffering in the past;

D. Mental anguish in the past;

E. Physical impairment in the past;

F. Disfigurement in the past;

G. Physical pain and suffering which, in all reasonable probability, will be suffered in the future;

H. Mental anguish which, in all reasonable probability, will be suffered in the future;

I. Physical impairment which, in all reasonable probability, will be suffered in the future;

J. Disfigurement which, in all reasonable probability, will be suffered in the future;

K. Lost wages in the past and/or loss of earning capacity in the future.

8.3.    Plaintiff reserves the right to add to the list of damages that is set forth above upon further investigation.

8.4.    By reason of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court.

## IX.
## MISNOMER, ALTER-EGO and ASSUMED NAME

Appx.0012

9.1.    In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties names herein. Plaintiff relies upon Vernon's Texas Revised Civil Statutes Annotated, Art 6133, et seq., and Rule 28 of the Texas Rules of Civil Procedure in order to properly identify the corporate Defendants herein.

## X.
## DISCOVERY

10.1.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests Defendants, each separately, to disclose, within thirty (30) days after the filing of the first answer, the information and material described in Rules 194.2(b), 194.3, and 194.4 of the Texas Rules of Civil Procedure.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, CARLOS VILLAREAL, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By:   _/s/ Geoffrey E. Schorr_
Geoffrey E. Schorr

---

PLAINTIFF'S ORIGINAL PETITION                                          Page  11

Texas Bar No. 24029828
geoff@schorrfirm.com
A. Jared Aldinger
Texas Bar No. 24068456
jared@schorrfirm.com
Hutton W. Sentell
Texas Bar No. 24026655
hutton@schorrfirm.com

**SCHORR LAW FIRM, P.C.**
328 W. Interstate 30, Suite 2
Garland, TX 75043
Tel. (972) 226-8860
Fax. (972) 226-9787

**ATTORNEYS FOR PLAINTIFF**

Appx.0014

# EXHIBIT 3

**Exhibit 3**

E-FILED
TARRANT COUNTY, TEXAS
7/26/2022 5:26 PM
Mary Louise Nicholson
COUNTY CLERK
BY: CD M

CAUSE NO. 2022-003965-2

| | | |
|---|---|---|
| CARLOS VILLAREAL | § | IN THE COUNTY COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| "QUIKTRIP"; QUIKTRIP CORPORATION; | § | AT LAW NO. 2 |
| QT SOUTH, LLC; QUIK'N TASTY FOODS, INC.; | § | |
| AND OKLAHOMA QUIKTRIP BEVERAGE | § | |
| CORPORATION | § | |
| Defendants. | § | TARRANT COUNTY, TEXAS |

---

## DEFENDANTS' ORIGINAL ANSWER AND VERIFIED DENIAL

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Defendants "QuikTrip," QuikTrip Corporation, QT South, LLC, Quik'N Tasty

Foods, Inc., and Oklahoma QuikTrip Beverage Corporation (collectively "Defendants"), file this

Original Answer and Verified Denial, and in support thereof would respectfully show as follows:

**I.**
**VERIFIED DENIAL**

1.      By way of verified denial pursuant to Texas Rule of Civil Procedure 93, Defendants

deny Plaintiff is entitled to recover from Defendants "QuikTrip," QT South, LLC, Quik'N Tasty

Foods, Inc., and Oklahoma QuikTrip Beverage Corporation in the capacity in which they have

been sued. Specifically, Defendants deny "QuikTrip," QT South, LLC, Quik'N Tasty Foods, Inc., and

Oklahoma QuikTrip Beverage Corporation had possession, custody, or control of the store or

premises at issue on the date of this incident.  Consequently, Plaintiff has no right or potential

right of recovery against Defendants "QuikTrip," QT South, LLC, Quik'N Tasty Foods, Inc., and

Oklahoma QuikTrip Beverage Corporation because they are not proper parties to this suit. *See,*

*e.g., Ray Malooly Trust v. Juhl*, 186 S.W.3d 568, 571 (Tex. 2006). Although liability and damages are disputed, the only proper QuikTrip entity to this suit is QuikTrip Corporation.

## II.
## GENERAL DENIAL

2.      Defendants deny each and every material allegation contained in Plaintiff's Original Petition, demand strict proof thereof, and to the extent such matters are questions of fact, say Plaintiff should prove such facts by a preponderance of the evidence to a jury if he can so do.

## III.
## DEFENSES

3.      Defendants claim Plaintiff failed to use the degree of care and caution as would have been used by a reasonable person under the same or similar circumstances, thereby producing, proximately causing, or contributing to the cause of Plaintiff's alleged damages, if any.

4.      Defendants claim Plaintiff's alleged damages or injuries, if any, were caused by the acts of third persons not under the control of Defendant. Such acts or omissions of said third persons were the sole, producing, or proximate cause of Plaintiff's damages or injuries, if any.

5.      Defendants would show the accident complained of was an unavoidable accident, as that term is known in law.

6.      Defendants assert they had neither actual nor constructive knowledge of the alleged premises condition about which Plaintiff complains and that, in any event, the alleged hazard was not "unreasonably dangerous."

7.      Pleading further and in the alternative, Defendants claim the premises condition asserted by Plaintiff in his *Original Petition* was known to Plaintiff, was open and obvious, or was

not concealed from Plaintiff and, therefore, Defendants deny they owed any duty to warn Plaintiff of the alleged premises condition or protect him from same.

8.     Defendants may further show the damages of which Plaintiff complains, if any, may have been the result of prior, pre-existing, or subsequent injuries, accidents, or conditions, and said prior, pre-existing, or subsequent injuries, accidents, or conditions may be the sole or a contributing cause of Plaintiff's damages, if any.

9.     Defendants may further show Plaintiff breached his duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of damages.

10.     Defendants may further show Plaintiff is malingering as that term is known in the law.

11.     Defendants assert any claims for medical or health care expenses incurred are limited to the amount actually paid or incurred by or on behalf of Plaintiff pursuant to Texas Civil Practice and Remedies Code § 41.0105.

12.     Defendants assert they are entitled to contribution, indemnity, and all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law, in the unlikely event that an adverse judgment is rendered against it in this matter.

13.     Defendants contend pursuant to § 18.091 of the Texas Civil Practice & Remedies Code that to the extent Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity and/or loss of contributions of pecuniary value, evidence of this alleged loss must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

**IV.**
**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Defendants respectfully pray Plaintiff take nothing by this cause of action, that Defendants be permitted to recover the costs expended on their behalf, and for such other and further relief to which Defendants may show themselves justly entitled, both at law and in equity.

Respectfully submitted,

/s/ B. Kyle Briscoe

**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Seth R. Lightfoot**
State Bar No. 24093625
slightfoot@peavlerbriscoe.com
**PEAVLER | BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to, and in accordance with, the Texas Rules of Civil Procedure on July 28, 2022.

/s/ B. Kyle Briscoe

**B. Kyle Briscoe**

## **VERIFICATION**

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF TARRANT | § |

Before me, the undersigned authority, did personally appear Seth R. Lightfoot, who upon his oath deposes and says he is one of the attorneys for Defendant, he has never been convicted of a disqualifying crime, he is over the age of 21, and he is competent to make this verification. Accordingly, Mr. Lightfoot verifies that the facts alleged in Paragraph 1 of the foregoing pleading are true and correct.

_____
Seth R. Lightfoot

Subscribed and sworn to before me on this 28th day of July 2022.

_____
NOTARY PUBLIC in and for the State of Texas

ELIZABETH CONTRERAS
Notary Public, State of Texas
Comm. Expires 02-06-2024
Notary ID 129335398

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Bryan Briscoe on behalf of Bryan Briscoe
Bar No. 24069421
kbriscoe@peavlerbriscoe.com
Envelope ID: 66780387
Status as of 7/29/2022 9:41 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Geoffrey E.Schorr | | geoff@schorrfirm.com | 7/28/2022 4:52:29 PM | SENT |
| Hutton W.Sentell | | hutton@schorrfirm.com | 7/28/2022 4:52:29 PM | SENT |
| Kyle Briscoe | | kbriscoe@peavlerbriscoe.com | 7/28/2022 4:52:29 PM | SENT |
| Seth  Lightfoot | | slightfoot@peavlerbriscoe.com | 7/28/2022 4:52:29 PM | SENT |
| Brandi Spillers | | bspillers@peavlerbriscoe.com | 7/28/2022 4:52:29 PM | SENT |
| Liz Contreras | | econtreras@peavlerbriscoe.com | 7/28/2022 4:52:29 PM | SENT |